April 13, 2016
OFFICE OF
APPELLATE COURTS



STATE OF MINNESOTA

IN SUPREME COURT

A14-1384

In re Petition for Disciplinary Action against
Kristian Lee Oyen, a Minnesota Attorney,
Registration No. 386383.

ORDER

By order filed on September 30, 2015, we suspended respondent Kristian Lee Oyen from the practice of law for a minimum of 90 days, effective 14 days from the date of the filing of the order. Respondent has filed an affidavit seeking reinstatement in which he states that he has fully complied with the terms of the suspension order, except for successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Respondent Kristian Lee Oyen is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility, and is placed on disciplinary probation for 2 years, subject to the following conditions:

1

a.    Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention.    Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation.

b.    Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation.  Respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date of the filing of the court's order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files, as described in paragraph c below. Respondent shall make active client files available to the Director upon request.

c.    Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

d.    Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons with an interest in matters that respondent is handling, and that ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e.    Within 30 days from the date of the filing of the court's order, respondent shall provide the Director and his probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent

2

is in compliance with probation requirements.  Respondent shall provide progress reports as requested.

f.  Respondent shall abide by the Minnesota Rules of Professional Conduct.

2.  By September 30, 2016, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of Appellate Courts and serving upon the Director proof of respondent's successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility.  Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

Dated:  April 13, 2016

BY THE COURT:

David R. Stras
Associate Justice

3